```
1  SHARON C. COLLIER (State Bar No. 203450)
   scc@severson.com
2  LESLIE A. FALES (State Bar No. 289565)
   laf@severson.com
3  SEVERSON & WERSON
   A Professional Corporation
4  One Embarcadero Center, Suite 2600
   San Francisco, California 94111
5  Telephone: (415) 398-3344
   Facsimile: (415) 956-0439
6
7  Attorneys for Defendant
   COSTCO WHOLESALE CORPORATION
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| CHELSEA KHOO,<br><br>Plaintiff,<br><br>vs.<br><br>COSTCO WHOLESALE CORPORATION, , a business entity form unknown; and DOES 1 through 20, Inclusive,<br><br>Defendants. | Case No.<br><br>[San Mateo County Superior Court Case No. 21-CIV-01517]<br><br>**DEFENDANT COSTCO WHOLESALE CORPORATION'S NOTICE OF REMOVAL TO FEDERAL COURT UNDER 28 U.S.C. § 1441(b) [DIVERSITY]**<br><br>Action Filed:   March 22, 2021<br>Trial Date:     N/A |
|---|---|

**TO THE HONORABLE JUDGES AND CLERK OF THE COURT:**

**PLEASE TAKE NOTICE** that Defendant COSTCO WHOLESALE CORPORATION hereby removes to this Court the state court action described below:

**I.   STATUS OF PLEADINGS AND DISCOVERY**

On or about March 22, 2021, Plaintiff CHELSEA KHOO (hereinafter "Plaintiff") filed a Complaint against COSTCO WHOLESALE CORPORATION (hereinafter "Costco") in the San Mateo County Superior Court of California, entitled CHELSEA KHOO v. COSTCO WHOLESALE CORPORATION and DOES 1-20, inclusive, Case No. 21-CIV-01517 (hereinafter the "Complaint") (Request for Judicial Notice in Support of Costco's Notice of Removal ("RJN"),

75005.0071/16065187.1

**DEFENDANT COSTCO WHOLESALE CORPORATION'S NOTICE OF REMOVAL TO FEDERAL COURT UNDER 28 U.S.C. § 1441(b) [DIVERSITY]**

1  Ex. A.)  The Complaint alleges one cause of action for negligence - premises liability.  (*Ibid*.)
2  Costco was served with the Summons and a copy of the Complaint on or about January 25, 2022.
3  (RJN, Ex. A.)

4  The Complaint alleges that on or about March 23, 2019, Plaintiff Chelsea Khoo sustained
5  injuries arising out of a slip and fall accident at the Costco Wholesale Warehouse located at 1600
6  El Camino Real, in South San Francisco, CA.  (RJN, Ex. A.)   Plaintiff seeks medical and
7  incidental expenses, lost wages, lost earning capacity, and punitive damages.

8  Costco filed an Answer to Plaintiff's Complaint in San Mateo County Superior Court on
9  January 24, 2022.  (RJN, Ex. C.)  In the Answer, Costco asserted a general denial, as well as
10 various affirmative defenses.  (*Ibid*.)

11 Upon information and belief, Costco is the only named defendant which has been served
12 to-date in this matter.  (Fales Dec. at ¶5.)  Costco is not aware of plaintiff effectuating service on
13 any other "Doe" defendants.  (Id.)  Since no other defendant has been named or served, no consent
14 is required for removal.  (*Destfino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011)).

15 Since this action was commenced in the San Mateo County Superior Court, removal to the
16 Northern District of California is appropriate.

17 **II.    STATEMENT OF JURISDICTION**

18 This civil action involves parties who are citizens of different states and the amount in
19 controversy exceeds $75,000.  Accordingly, this Court has jurisdiction under 28 U.S.C. § 1332,
20 and has the power to remove this matter to this Court pursuant to 28 U.S.C. § 1441(b).

21        **A.     Complete Diversity of Citizenship**

22 In order to invoke federal diversity jurisdiction pursuant to 28 U.S.C. § 1332, complete
23 diversity of citizenship must exist between the parties.  (*Matao Yokeno v. Sawako Sekiguchi*, 754
24 F.3d 649, 652 (9th Cir. 2014).)  Here, Plaintiff and Costco are citizens of different states.  Thus,
25 diversity of citizenship exists between the parties.

26
27
28 For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled.

1  (*Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).)  A person's domicile is
2  the place he or she resides with the intention to remain or to which he or she intends to return.
3  (*Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).)  Where the complaint does
4  not identify the plaintiff's domicile, that fact must be set forth in defendant's notice of removal.
5  (*See Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1021 (11th Cir.
6  2004).)
7        Here, Plaintiff is a resident of the state of California.  Although Plaintiff does not allege
8  her place of domicile in the Complaint, public records indicate that she was a resident of San
9  Francisco County at the time of the accident and remains a resident at that location.  (RJN Ex. F,
10 Fales Dec. at ¶ 8.)  Accordingly, Plaintiff is and was a citizen of the State of California.
11       In order to ascertain the citizenship of a corporation, courts look to the state of
12 incorporation, and the state where the corporation has its principal place of business.  (28 U.S.C.
13 § 1332(c)(1).)  Here, Costco is a corporation formed and incorporated under the laws of the State
14 of Washington.  (RJN, Ex. D.)  Moreover, Costco is headquartered and maintains its principal
15 place of business at 999 Lake Drive, Issaquah, Washington 98207.  (RJN, Ex. E).  Accordingly,
16 Costco was and is a citizen of the State of Washington.  As such, diversity-of-citizenship exists
17 between the parties.
18     **B.**    **No Resident Defendants**
19       Pursuant to 28 U.S.C. § 1441(b)(2), when removing a case to federal court on the basis of
20 diversity jurisdiction, none of the defendants may be "citizens of the State in which such action is
21 brought."  In this case, Plaintiff resides in California. (RJN, Ex. F Fales Dec. at ¶ 8.)  The only
22 named and served defendant, Costco, is a citizen of the State of Washington.  To Costco's
23 knowledge, Plaintiff has not effectuated service on any other "Doe" defendants.  (RJN Ex. D, E;
24 Fales Dec. at ¶ 6,7,9.)  Thus, complete diversity exists because no defendant resides in the State of
25 California.
26
27
28 75005.0071/16065187.1                     3

**DEFENDANT COSTCO WHOLESALE CORPORATION'S NOTICE OF REMOVAL TO FEDERAL COURT UNDER 28 U.S.C. § 1441(b) [DIVERSITY]**

### C. Amount in Controversy

Pursuant to 28 U.S.C. § 1332(a), in order to invoke diversity jurisdiction, the amount in controversy must exceed $75,000, exclusive of interests and costs. When a plaintiff fails to "specify a particular amount of damages" in the complaint, the removing party is required to establish that it is "more likely than not" that the amount in controversy exceeds the statutory amount. (*Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *McPhail v. Derre & Co*, (10th Cir. 2008) 529 F.3d 947, 954 (removing defendant must prove by a preponderance of the evidence that the amount in controversy is satisfied).) In making that determination, courts consider compensatory costs, including general and special damages, as well as attorney fees. (*Meisel v. Allstate Indem. Co.*, 357 F.Supp.2d 1222, 1225 (E.D. Cal. 2005).) Courts also consider "other papers" not filed with the court. (*Kuxhausen v. BMW Financial Services NA LLC*, 797 F.3d 1136, 1140 (9th Cir. 2013). The amount in controversy is merely an estimate of the total amount in dispute; it is not a prospective assessment of the defendant's liability. (*Lewis v. Verizon Communications, Inc.*, 627 F.3d. 395, 400 (9th Cir. 2010).)

A Plaintiff's concession that the amount in controversy exceeds $75,000 is sufficient to establish diversity jurisdiction upon this Court. (See *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 376 ("…where state law prohibited plaintiff from stating the amount in controversy in the complaint, the district judge has discretion to accept the admission as establishing it. Otherwise, we would be adopting the illogical position that a plaintiff can establish the amount in controversy by an ad damnum, but not by a formal admission against the plaintiff's interest in choice of forum."). Such a concession is tantamount to a plaintiff expressly alleging damages in excess of the jurisdictional amount, which we accept as the amount in controversy if done in good faith. (*See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551 (2014)). Moreover, the Courts looks to "facts presented in the removal petition as well as any summary judgment type evidence relevant to the amount in controversy at the time of removal." *Matheson v. Progressive Specialty Ins., Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *Johnson v. Am. Online, Inc.*, 208 F.Supp.2d 1018 (N.D. Cal. 2003) (A Defendant may rely on discovery responses for determining the amount in controversy.)

In the present case, Plaintiff did not state the exact amount of damages claimed in the Complaint; however, Plaintiff served Defendant with a Statement of Damages which provides that the damages claimed far exceed $75,000.  (RJN, Exhibit B; Fales Dec.¶ 3.)

This Statement, while not a pleading, clearly constitute an "other paper" which may be considered for purposes of determining the amount in controversy here.  (*Kuxhausen v. BMW Financial Services NA LLC*, 797 F.3d 1136, 1140 (9th Cir. 2013).)  In light of these representations and the scope of injuries and types of damages alleged in the Complaint, it is clear that claims at issue will exceed the jurisdictional minimum of this Court.

### III. TIMELINESS OF REMOVAL

Pursuant to 28 U.S.C. § 1446(b), if it is not clear by the initial pleading that the case is removable, "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, a copy of [a]…paper from which it may first be ascertained that the case is one which is or has become removable…"  The 30-day time limit within which a defendant can remove an action to federal court does not begin until the defendant(s) have received notice of the facts supporting removal.  (*Mattel, Inc. v. Bryant*, 441 F.Supp.2d 1081, 1089-1090).

As set forth more fully above, Defendant first received notice that the amount in controversy exceeds the jurisdictional minimum on or about January 25, 2022 when Plaintiff served the Statement of Damages on defendant.  (Fales Dec. at ¶ 3.)  Defendant, by and through counsel, accessed public records on February 22, 2022 which show that Plaintiff is domiciled in California. (Fales Dec. at ¶8.)  Accordingly, Costco has timely and promptly filed this petition for removal.  (28 U.S.C § 1446.)

### IV. JOINDER OF ALL DEFENDANTS

In order to effectuate removal, all defendants must join in the notice of removal.  (*Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 (9th Cir. 1988)).  In this case, Costco is the only named and served defendant in the state court action, other than fictitiously named "Does." (RJN, Ex. A, Fales Dec. at ¶5).  Accordingly, this Notice of Removal is proper.

## V. VENUE

Venue of this removed action is proper pursuant to 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district corresponding to the place where the state court action was commenced.

## VI. NOTICE TO PLAINTIFF

Costco's Notice to Adverse Parties of Notice of Removal is being contemporaneously filed in Case No. 21-CIV-01517 of the San Mateo County Superior Court.

WHEREFORE, Costco prays that the above-entitled action, currently pending in the San Mateo County Superior Court of California, be removed to the United States District Court for the Northern District of California, and that this action proceed in this Court as an action properly removed there.

DATED:  February 24, 2022

SEVERSON & WERSON
A Professional Corporation

By: _____
SHARON C. COLLIER
LESLIE A. FALES

Attorneys for Defendant COSTCO WHOLESALE CORPORATION